# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 342 - 3,6 &4 | **DATE** | 9/17/2001 |
| **CASE TITLE** | United States of America vs. Donald F. Scalise et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Frank Adamo and Donald F. Scalise, contest the government's forfeiture calculations and filed memoranda. One of them, Carl Dote, joined in these motions. The motion is denied. Accordingly, we reduce the government's 130 week figure by $65,000, arriving at a total figure of $481,715. Since Carl Dote was a member of the enterprise for only 28 weeks, his forfeiture amount is $103,754.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 18 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 163 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| WAH | courtroom deputy's initials | 01 SEP 17 PM 12: 28 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 00 CR 342-1 |
| v. | ) | |
| | ) | Judge James B. Moran |
| ANTHONY R. DOTE, et al. | ) | |

DOCKETED
SEP 1 8 2001

## MEMORANDUM OPINION AND ORDER

Six of the defendants entered blind pleas of guilty. Two of them, Frank Adamo and Donald F. Scalise, contest the government's forfeiture calculations and filed memoranda. One of them, Carl Dote, joined in these motions and, on the day of sentencing, it was decided that the forfeiture determination respecting Carl Dote should be delayed and that it should be governed by the rulings on the two motions.

Scalise contends that the forfeiture (in his case the government seeks $119,982) is cruel and unusual punishment, given his present and prospective economic circumstances. Possibly, his contention might have merit if the government sought to forfeit substantial assets, only a small portion of which were tainted. See United States v. Sarbello, 985 F.2d 716, 717-18 (3rd Cir. 1993). But, here the forfeiture is solely of illegal proceeds. The motion is denied.

Adamo's dispute is with the calculation of the amount. He first contends that the amount should be zero because the enterprise ultimately failed. That does not mean, however, that it did not garner illegal proceeds while it was in operation. But how much? Trying to come up with a figure may be largely an academic exercise because it appears unlikely that the defendants have the capability to come up with any substantial amounts. Nevertheless, we are directed to try to do so.



The government relies on recorded conversations from six weeks of a 130 week period, which indicate a total result of $25,708. It then extrapolates that six week "window" to the entire period, arriving at a corrected figure of $546,715 for the entire period. Adamo attacks that figure on two grounds. One is that it ignores the amounts paid to agents as their share of the proceeds or "splits," which in some instances were as much as 75% of the proceeds. The other is that it ignores the expenses of the enterprise, which include clerk salaries, telephones and the like.

But the agents clearly were members of the enterprise and we think the clerks must be described as members as well, even if they did not personally share in the profits, and, therefore, what was paid to them cannot be considered as expenses. See United States v. Masters, 924 F.2d 1362, 1370 (7th Cir. 1991). Obviously, there were expenses, amounts paid to providers who were in no sense connected to the enterprise. Rent, telephone charges, and utilities readily come to mind. There is, however, no evidence of what those expenses might have been. The government's proof of the illegal proceeds is itself, however, a rather loose estimate, and we think it appropriate in those circumstances to recognize some estimate, indeed guess, as an offset. We believe $500 a week is a reasonable figure for an enterprise of this magnitude. Accordingly, we reduce the government's 130 week figure by $65,000, arriving at a total figure of $481,715. Since Carl Dote was a member of the enterprise for only 28 weeks, his forfeiture amount is $103,754.

JAMES . MORAN
Senior Judge, U.S. District Court

September 17, 2001